1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11   WES W. JOHNSON,                    )    Civil No. 09cv1262 L (NLS)
                                        )
12              Plaintiff,              )    **ORDER GRANTING MOTION TO**
                                        )    **DISMISS [doc. #11] WITH LEAVE**
13   v.                                 )    **TO AMEND**
                                        )
14   HOMECOMINGS FINANCIAL, *et al.*,   )
                                        )
15              Defendants.             )
                                        )
16   _____   )

17        Defendants GMAC Mortgage, LLC; Homecomings Financial, LLC; Executive Trustee

18   Services, Inc.; Deutsche Bank National Trust Company; Deutsche Bank Trust Company

19   Americas as Trustee for RALI 2007QA1; and Pite Duncan, LLP move to dismiss plaintiff's 19-

20   claim verified complaint under Federal Rule of Civil Procedure 12(b)(6).  The motion has been

21   fully briefed.  The Court finds this matter suitable for determination on the papers submitted and

22   without oral argument pursuant to Civil Local Rule 7.1(d)(1).

23   **1.    Background**

24        Plaintiff refinanced his mortgage loan on residential property located in Nevada with

25   defendant Homecomings Financial on November 28, 2006.  On June 25, 2008, plaintiff "notified

26   Homecomings and Executive that he was rescinding the Loan pursuant to TILA . . . ."  (Compl.

27   at ¶ 16.)  On November 19, 2008, plaintiff's property was subject to a foreclosure sale and the

28   property was transferred to Deutsche Americas and Deutsche National.

1    The claim-laden complaint asserts causes of action under the Fair Credit Reporting Act

2    ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA") the Truth in Lending Act

3    ("TILA"); breach of contract; breach of the covenant of good faith and fair dealing; abuse of

4    process; invasion of privacy; tort in se based on violation of TILA, FCRA, FDCPA, California

5    Business and Professions Code § 17200, California Civil Code §§ 1708 and 43; intentional

6    infliction of emotional distress; negligent infliction of emotional distress; violation of California

7    Business and Professions Code § 17200; quiet title; wrongful foreclosure; slander of title;

8    general negligence; conversion; unjust enrichment/quasi-contract; constructive trust/equitable

9    lien; and injunctive relief.

10   "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California*

11   *Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  A  complaint must contain a

12   "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R.

13   CIV. P. 8(a).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a

14   cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to

15   plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,

16   534 (9th Cir. 1984).

17   Counsel for plaintiff appears unaware that in two recent opinions the Supreme Court

18   established a more stringent standard of review for 12(b)(6) motions.  *See Ashcroft v. Iqbal*, 129

19   S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  To survive a motion

20   to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as

21   true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing

22   *Twombly*, 550 U.S. at 570).  A motion to dismiss should be granted "if plaintiffs have not

23   pleaded 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel.*

24   *Tabiu v. Gerber Products Co.* , 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v.*

25   *Twombley*, 127 S. Ct. 1955, 1974 (2007)).  "Factual allegations must be enough to raise a right

26   to relief above the speculative level." *Id.*  "While a complaint attacked by a Rule 12(b)(6)

27   motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

28   the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

1  formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at
2  1964-1965.  The court does not have to accept as true any legal conclusions within a complaint,
3  although conclusions can help frame a complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50
4  (2009).

5      In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond
6  the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition
7  to a defendant's motion to dismiss or other submissions.  *United States v. Ritchie*, 342 F.3d 903,
8  908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2
9  MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take
10 into account additional facts asserted in a memorandum opposing the motion to dismiss, because
11 such memoranda do not constitute pleadings under Rule 7(a).").

12                              **DISCUSSION**

13     The central premise of plaintiff's complaint is that by giving notice of rescission of the
14 mortgage loan he executed, the loan was in fact rescinded.  And as a result of the rescission, the
15 foreclosure of the property and all subsequent activity related to his credit reports were
16 wrongful.  Plaintiff's TILA cause of action is the sole basis for rescission of the loan agreement.
17 In sum, plaintiff's allegations concerning TILA are: "Homecomings has negligently and
18 willfully violated TILA and its regulations."  (Compl. at ¶ 35.)  This is a woefully inadequate
19 allegation – it fails to provide any ground for his entitlement to relief and instead is a legal
20 conclusion.  As noted above, factual allegations "require[] more than labels and conclusions, and
21 a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at
22 1964-1965.  In his opposition to the motion to dismiss, plaintiff contends that his June 25, 2008
23 letters to Homecomings and ETS indicate that he failed to receive two notices of his right to
24 rescind which triggered his TILA claim.  But plaintiff's letters of notice of rescission merely are
25 attached to the complaint and do not constitute a pleading.  Plaintiff's TILA claim fails to
26 provide any facts to state a claim to relief that is plausible on its face and must be dismissed.

27     Additionally, under 15 U.S.C. Section 1635(f), "[a]n obligor's right of rescission shall
28 expire three years after the date of consummation of the transaction *or upon the sale of the*

3                                                              09cv1262

1    *property, whichever occurs first . . . .*"   Plaintiff alleges the foreclosure sale occurred on

2    November 19, 2008, therefore, any right to rescission has expired.

3       To the extent plaintiff seeks damages under TILA, plaintiff's cause of action for damages

4    is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the

5    loan transaction is consummated.  *King v. State of California*, 784 F.2d 910, 915 (1986).   Here,

6    the loan was consummated on November 28, 2006, and absent equitable tolling, it is time barred.

7    Under Ninth Circuit law, equitable tolling of a TILA claim for damages can be appropriate in

8    certain circumstances.  As currently pleaded, however, plaintiff's TILA claim for damages is

9    time barred because plaintiff fails to allege sufficient facts to support equitable tolling.  To the

10   extent plaintiff alleges that his discovery of the violation was delayed because he was defrauded

11   or misled by defendants, he must allege the circumstances constituting fraud with particularity

12   required by Federal Rule of Civil Procedure 9(b) and all remaining facts as required by Rule

13   8(a).

14       Plaintiff's complaint, in general, fails to meet the pleading standards of *Twombley* and

15   *Iqbal*.  All of the remaining causes of action are nothing more than "labels and conclusions, and

16   a formulaic recitation of the elements of a cause of action . . . ."  *Twombley*, 127 S. Ct. at 1964-

17   1965.   As *Twombly* asserts, this is insufficient.

18       Further, plaintiff bases his FDCPA and FCRA claims on reporting inaccuracies that stem

19   from his purported rescission.  Because his rescission claim is dismissed, all claims derived from

20   that claim must be dismissed.

21       Finally, the Court notes that rather than address defendants' arguments concerning why

22   plaintiffs' state statutory and common law claims must be dismissed, plaintiff chose not to

23   address defendants' contentions and as a result, plaintiff has waived any opposition he may have

24   to those arguments.  *See, e.g., City of Arcadia v. E.P.A.*, 265 F. Supp.2d 1142. 1154. n. 16 (N.D.

25   Cal. 2003).  Accordingly, the California statutory and common law claims plaintiff has asserted

26   in the complaint are also subject to dismissal.

27       Based on the foregoing, defendants' motion to dismiss is **GRANTED**.  The Court must

28   consider whether a motion to dismiss should be granted with leave to amend.  *See Schreiber*

*Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Rule 15 advises the court that leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).  Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment.  *Id.* at 1052.  Accordingly, plaintiff is **GRANTED LEAVE TO AMEND**.  If plaintiff intends to amend the complaint, he must do so within 20 days of the filing of this Order.  Further, plaintiff is reminded of his obligations under Federal Rule of Civil Procedure 11.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. In particular, plaintiff must abide by the prohibition on filing pleadings that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. 11(b)(1).

      **IT IS SO ORDERED.**

DATED:  August 5, 2010

                                 _____
                                  M. James Lorenz
                                  United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

09cv1262