UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WES W. JOHNSON, | Civil No. 09cv1262 L (NLS) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT [doc. #29]** |
| v. | |
| HOMECOMINGS FINANCIAL, *et al.*, | |
| Defendants. | |

Defendants GMAC Mortgage, LLC; Homecomings Financial, LLC; Executive Trustee Services, Inc.; Deutsche Bank National Trust Company; Deutsche Bank Trust Company Americas as Trustee for RALI 2007QA1; and Pite Duncan, LLP move to dismiss plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed. The Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**Background**

Plaintiff refinanced his mortgage loan on residential property located in Nevada with defendant Homecomings Financial on November 28, 2006. On June 25, 2008, plaintiff "notified Homecomings and Executive Trustee Services that he was rescinding the Loan pursuant to TILA . . . ." (FAC at ¶ 18.) Because of plaintiff's failure to make payments on the loan, on November 19, 2008, plaintiff's property was subject to a foreclosure sale and the property was transferred

to Deutsche Americas and Deutsche National. (FAC at ¶¶ 20-21.)

As a result of the alleged wrongful foreclosure based upon his rescission of the loan, plaintiff also alleges that his credit rating was damaged.

The FAC asserts 19 causes of action under Unfair Lending Practices, N.R.S. 598D.100; conspiracy to commit fraud and conversion; permanent injunction; declaratory relief; wrongful foreclosure[1]; fraud through omission; quiet title; tortuous breach of the implied duty of good faith and fair dealing; civil conspiracy; racketeering under NRS 207.470; unjust enrichment; fraud in the inducement; extinguishment of liens; violation of 15 U.S.C. § 1681s-2, Fair Credit Reporting Act; violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"); 15 U.S.C. § the Truth in Lending Act ("TILA"); and breach of contract.

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir .1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

After accepting as true all non-conclusory allegations and drawing all reasonable

---

[1] The fifth and 19th causes of action are for wrongful foreclosure.

inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft v. Iqbal* 129 S. Ct 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

## DISCUSSION

**1. Rescission under TILA**

Like the original complaint, plaintiff's FAC asserts that by giving notice of rescission of the mortgage loan he executed, the loan was in fact rescinded. And as a result of the rescission, plaintiff asserts that the foreclosure of the property and all subsequent activity related to his credit reports were wrongful. Plaintiff's TILA and quiet title claim under NRS 645F.440 are the basis for rescission of the loan agreement. In sum, plaintiff's allegation concerning TILA is the same as that provided in the original: "Homecomings has negligently and willfully violated TILA and its regulations." (Compl. at ¶ 35; FAC at ¶ 190.) As the Court previously noted, "[t]his is a woefully inadequate allegation – it fails to provide any ground for his entitlement to relief and instead is a legal conclusion." (Order filed August 5, 2010 at 3.)

Further, plaintiff's FAC fails to make any allegation concerning his compliance with the

rescission statute. The Ninth Circuit has held that rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1170 (9th Cir. 2003). District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds. *See, e.g., Garza v. Am. Home Mortgage*, 2009 WL 188604 at *5(E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); *Ibarra v. Plaza Home Mortgage*, 2009 WL 2901637 at *8 (S.D. Cal.2009); *Ing Bank v. Korn*, 2009 WL 1455488 at *1 (W.D. Wash.2009).

Johnson contends that:
> Plaintiff need not TENDER any funds regarding the note in order to foreclose, in that under information and belief, the note has been severed from the Deed of Trust making the note unsecured and the Deed of Trust a "cloud on the title" of Plaintiff [sic].

(FAC at ¶ 148.)

Plaintiff is incorrect. First, in order to rescind the loan, plaintiffs must allege the ability to tender the loan proceeds, *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003); *see also Nichols v. Greenpoint Mort. Funding Inc.,*, 2008 WL 3891126, *5 (C.D. Cal., Aug. 19, 2008)(rescission "is a means to return the parties to the status quo ante, as if the loan never existed."). There is no exception to the tender rule based on plaintiff's belief that the note was severed from the Deed of Trust. Because plaintiff has not made an offer of complete tender, he may not seek rescission of the loan.

Second, plaintiff's legal theory concerning the "note-split-from the deed" theory has been rejected repeatedly. *Vega v. CTX Mortg. Co.*, LLC, 761 F. Supp.2d 1095 (D. Nev. 2011); *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 2011 U.S. Dist. LEXIS 7232 at *5, 2011 WL 251453 (D.Ariz. Jan. 25, 2011)(rejecting the "note-split-from-the-deed" theory and finding that "Nevada case law universally holds that these deeds are enforceable").

Additionally, as the Court discussed in dismissing plaintiff's original complaint, under 15 U.S.C. Section 1635(f), "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction *or upon the sale of the property, whichever occurs first . . ..*"

Plaintiff alleges the foreclosure sale occurred on November 19, 2008, therefore, any right to rescission has expired.

Accordingly, plaintiff's claim for rescission under TILA must be dismissed with prejudice and all claims based upon plaintiff's legal theory concerning TILA must also be dismissed.

**2.     Nevada's Unfair Lending Practices Act 598D.100**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). But this suitability language was added in mid–2007 when the statute was amended. Although plaintiff alleges that defendants violated the present version of the statute, his loan originated in 2006, prior to the current amendment. Plaintiff's loan therefore cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Further, plaintiff's unfair lending practices claim is barred by the applicable statute of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two (2) years. *See* NRS 11.190(3)(a). Plaintiff purchased the property in 2006, and did not file the present action until 2009, over a year after the statute of limitations had expired. Accordingly, the Court will grant with prejudice defendants' motions as to this issue.

**3.     Civil Conspiracy under Nevada Law**

Under Nevada law, an actionable civil conspiracy-to-defraud claim exists when there is (i) a conspiracy agreement; (ii) an overt act of fraud in furtherance of the conspiracy; and (iii) resulting damages to the plaintiff. *Jordan v. State ex rel. Dept. of Motor Vehicles and Pub. Safety*, 121 Nev. 44, 110 P.3d 30, 51 (Nev. 2005). "Thus, an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud." *Id.* A showing of fraud, in turn, requires: (i) a false representation, (ii) knowledge or belief that the representation was false, (iii) intent to induce reliance on the representation, (iv) that the reliance must be justifiable, and (v) damages. *Lubbe v. Barba*, 91 Nev. 596, 540 P.2d 115, 117 (Nev.1975).

A claim for conspiracy to commit fraud must be pled with the same particularly as the

fraud itself. *See Wanetick v. Mel's of Modesto, Inc.*, 811 F.Supp. 1402, 1406 n. 3 (N.D. Cal. 1992). Thus, under Rule 9(b), a party must state with particularity the circumstances constituting the conspiracy. *See* FED. R. CIV. P. 9(b). Allegations of conspiracy must be accompanied by "the who, what, when, where, and how of the misconduct charged." *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003)(internal citations and quotation marks omitted). Thus, to state a claim for conspiracy, "a plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement. It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement." *S. Union Co. v. Sw. Gas Corp.*, 165 F.Supp.2d 1010, 1020–21 (D. Ariz. 2001) (internal citations and quotation marks omitted).

Plaintiff has failed to plead his claim for conspiracy to commit fraud with sufficient particularity. There is no statement of how or even when the alleged conspiracy was formed. Nor has plaintiff included any factual allegations pertaining to how defendants targeted plaintiff. In addition, the FAC lumps multiple defendants together without differentiating between them or the allegations against them. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007) (noting that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together"). Such general allegations are insufficient because "[a] bare allegation of a conspiracy is almost impossible to defend against, particularly where the defendants are large institutions with hundreds of employees entering into contracts and agreements daily." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

**4.    Injunction and Declaratory Relief**

Plaintiff asserts that his claim for injunctive relief is proper because he alleges that the notice of default was improperly recorded and defendants' deceptive and predatory business practices justify enjoining any threatened trustee's sale. With respect to declaratory relief, plaintiff "concedes his pleading does not adequately set forth the relations and disputes between the parties and therefore requests leave to amend."

Injunctive and declaratory relief are remedies, as opposed to independent causes of

action. *Dalton v. Citimortgage*, 2011 U.S. Dist. LEXIS 6108, 2011 WL 221715 (D. Nev. Jan. 20, 2011); In re Wal–Mart Wage & Hour Employment Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Josephson v. EMC Mortgage Corp.*, 2010 U.S. Dist. LEXIS 128053, 2010 WL 4810715 (D. Nev. Nov. 19, 2010).

Accordingly, plaintiff's causes of action for injunction and declaratory relief will be dismissed.

**6.  Wrongful Foreclosure**

Plaintiff contends that he as adequately alleged a claim for wrongful foreclosure because the note was rescinded by operation of law and the deed of trust was severed at the inception of the loan by naming MERS the beneficiary of the deed of trust." (Opp. at 9.)

A tort action for wrongful foreclosure exists in Nevada where "no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 623 (Nev.1983). Plaintiff does not dispute that he breached his loan agreement by failing to make payments in accordance with the original loan agreement. *Haley v. Elegen Home Lending, LP*, 2010 U.S. Dist. LEXIS 24590 at *1, 2010 WL 1006664 (D. Nev. March 16, 2010) ("An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract.").

Further, the courts have inherent equitable discretion to bar a claim for lack of tender if the failure to tender renders the remedy unenforceable. *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir.2003). In other words. a party pursuing a quiet title claim must tender the undisputed amount due and owing to challenge the validity of a sale or title to the property. *See Abdallah v. United Savings Bank*, 43 Cal. App.4th 1101, 1109 (1996).

As noted above, plaintiff has made no statement of his present ability to tender the amount due and owing on the note.

Because plaintiff is unable to allege that he was not in breach of the mortgage contract by failing to make payment on the note, leave to amend this claim would be futile. Accordingly, this claim is dismissed with prejudice.

**7.     Fraud**

The FAC has six fraud-based claims: conspiracy to commit fraud; fraud through omission; civil conspiracy; racketeering; and fraud in the inducement. Acknowledging that he has not alleged fraud with the particularity required under Federal Rule of Civil Procedure 9(b), plaintiff seeks leave to amend.

Plaintiff alleged fraud and fraud-based claims in his original complaint. The Court's Order dismissing the original complaint specifically noted that plaintiff was required to allege fraud with particularity. *See* Order at 4. In choosing to ignore the requirements of Rule 9(b) and after the Court's admonition, it would be appropriate to dismiss the fraud claims with prejudice. Nevertheless, the Court will grant plaintiff a final opportunity to plead his fraud claims with the requisite particularity.

**8.     Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. Here, the underlying property has already been foreclosed upon and sold at a trustee's sale. Thus, plaintiff no longer has any interest in the property. Additionally, because the property has already been sold, no defendant is claiming an interest to the property that is adverse to plaintiff, and he has no grounds to quiet title against defendants. Finally, plaintiff has failed to allege his ability to tender the amount owed on the debt, as is required for a quiet title claim. *Anderson v. Deutsche Bank Nat'l Tr. Co.*, 2010 U.S. Dist. LEXIS 120865, 2010 WL 4386958 (D. Nev. Oct. 29, 2010); *Kraemer v. Kraemer*, 79 Nev. 287, 382 P.2d 394 (Nev. 1963).

For these reasons, plaintiff's cause of action for quiet title will be dismissed with prejudice.

**9.     Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution ." *A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show

that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 122 Nev. 455, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 107 Nev. 226, 808 P.2d 919, 922–23 (Nev.1991).

Generally, a lender, or an assignee of an original lender, does not owe a borrower a fiduciary duty. *See Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004). Absent a duty, there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 10 (Nev.1989). Here, plaintiff has failed to allege that there was a special relationship between him and the defendants other than a standard arms-length loan transaction. Further, plaintiff does not identify any action taken by defendants that would constitute a violation of the covenants of good faith and fair dealing absent a fiduciary relationship. Thus plaintiff has failed to state a claim for tortious breach of the covenants of good faith and fair dealing. The Court cannot, however, conclude that plaintiff cannot plead a special relationship with defendants. As a result, leave to amend to plead facts supporting this claim will be granted.

**10.    Unjust Enrichment**

Plaintiff alleges that "Defendants have been unjustly enriched by receiving payments on the risky, volatile mortgage loan which was designed to reap inordinate profits for Defendants and to ultimately fail." (FAC at ¶ 163.)

Under Nevada law, unjust enrichment occurs when "a person has and retains a benefit which in equity and good conscience belongs to another." *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.*

Plaintiffs' unjust enrichment claim fails because it is based upon express, written contracts. *See Duncan v. Countrywide Home Loans, Inc.*, No. 3:09–CV–00632, 2010 WL 5463863, at *6 (D. Nev. Dec. 28, 2010) ("Here, Plaintiffs specifically allege contracts. Those

contracts, the notes and deeds of trust, specify their terms."); *Josephson v. EMC Mortg. Corp.*, 2010 WL 4810715, at *3 (D. Nev. Nov. 19, 2010) ("Since there is no dispute with regards to the existence of an expressed [sic] agreement, the loan, the plaintiffs are unable to claim unjust enrichment.").

Because amendment would be futile, this claim for unjust enrichment will be dismissed with prejudice.

**11.   Claims 14-18**

In response to defendants' motion to dismiss, plaintiff states, in sum, "Plaintiff's FAC adequately pleads his causes of action numbered Fourteen through Eighteen." (Opp. at 11.) This bald statement fails to address the arguments raised in defendants' motion to dismiss; therefore, the Court must conclude that plaintiff has conceded the merits of defendants' motion as to these claims. The only question is should amendment be granted as to these claims. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality."(internal quotation marks and citation omitted). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff's cause of action for extinguishment of liens, the 14th cause of action, is based on the discredited theory that the deed in question was "split" from the note through securitization, rendering the note unenforceable *Vega v. CTX Mortg. Co.*, LLC, 761 F. Supp.2d 1095 (D. Nev. 2011); *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 2011 U.S. Dist. LEXIS 7232 at *5, 2011 WL 251453 (D.Ariz. Jan. 25, 2011)(rejecting the "note-split-from-the-deed" theory and finding that "Nevada case law universally holds that these deeds are enforceable"). Because plaintiff cannot state a legally cognizable claim that the note is unsecured because the deed of trust and note have been split, this cause of action will be dismissed with prejudice.

The 15th cause of action for violation of the Fair Credit Reporting Act fails to state a claim under the *Iqbal* pleading standard. In total, plaintiff alleges that "Homecomings, Deutsche

National and Deutsche Americas have negligently and willfully violated the FCRA." (FAC at ¶182.) Plaintiff provides no factual basis for this claim. Based on the FAC in its entirety, however, the claim is premised on the alleged wrongful foreclosure of the property and plaintiff's rescission of the note. Because those claims have been dismissed with prejudice, the FCRA claim must also be dismissed with prejudice.

Amendment will not be granted as to plaintiff's 16th cause of action for violation of the Federal Fair Debt Collection Practices Act because the Act does not apply to a non-judicial foreclosure. *See, e.g., Maves v. First Horizon Home Loans*, 2010 U.S. Dist. LEXIS 97387, 2010 WL 3724264 (D. Nev. Sept. 15, 2010); *see also Diessner v. Mortgage Elec. Registration Sys., Inc.*, 384 F. App'x 609 (9th Cir.2010). Further, as noted above, Courts have rejected the theory that the deed in question "split" from the note through securitization, rendering the note an unsecured debt subject to the FDCPA. *Vega v. CTX Mortg. Co.*, LLC, 761 F. Supp.2d 1095 (D. Nev. 2011); *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 2011 U.S. Dist. LEXIS 7232 at *5, 2011 WL 251453 (D.Ariz. Jan. 25, 2011)(rejecting the "note-split-from-the-deed" theory and finding that "Nevada case law universally holds that these deeds are enforceable"). Accordingly, amendment of the complaint to include a claim based on the FDCPA would be futile.

As discussed above, plaintiff's TILA rescission claim, the 17th cause of action, is time-barred and cannot be amended.

Finally, plaintiff's breach of contract claim fails to allege any facts in support of such a claim. Indeed, the breach of contract claims states: "Homecomings entered into a contract with Johnson. [] Homecomings breached the contract." (FAC at ¶¶ 194-195.) Plaintiff was advised of the proper pleading standard in the Court's August 5, 2010 Order, but has not heeded the Court's admonition. Nevertheless, the Court will allow amendment of this claim. But plaintiff and his counsel are reminded of their obligations under Federal Rule of Civil Procedure 11. By signing an amended complaint, plaintiff and his counsel certify they have made reasonable inquiry and has evidentiary support for the allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. In particular, plaintiff must

abide by the prohibition on filing pleadings that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. 11(b)(1).

**Conclusion**

Based on the foregoing, defendants' motion to dismiss is **GRANTED**. The following claims are **dismissed with prejudice**: NRS 598D.100; wrongful foreclosure; quiet title; violation of FCRA, FDCPA and TILA; unjust enrichment. The following claims are **dismissed without prejudice**: all fraud claims; breach of the duty of good faith and fair dealing; and breach of contract. Because injunctive and declaratory judgment are remedies, they are dismissed as causes of action.

**IT IS FURTHER ORDERED** that if plaintiff intends to file a second amended complaint, he must do so in conformity with this Order no later than October 3, 2011.

**IT IS SO ORDERED.**

DATED: September 19, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL