UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WES W. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>HOMECOMINGS FINANCIAL, *et al.*,<br><br>    Defendants. | Civil No. 09cv1262 L (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE**<br>**[doc. #46]** |

Defendants GMAC Mortgage, LLC; Homecomings Financial, LLC; Executive Trustee Services, Inc.; Deutsche Bank National Trust Company; Deutsche Bank Trust Company Americas as Trustee for RALI 2007QA1, move to dismiss plaintiff's second amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed. The Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**Background**

Plaintiff refinanced his mortgage loan on residential property located in Nevada with defendant Homecomings Financial on November 28, 2006. He obtained a first and a second loan secured against the property. On June 25, 2008, plaintiff "notified Homecomings in writing that he was rescinding the Loan Transaction, including the related trust deed security interest which was voided by Johnson's rescission." SAC at ¶ 22.

1    Because of plaintiff's failure to make payments on the loan, on November 19, 2008,
2 plaintiff's property was subject to a foreclosure sale and the property was transferred to
3 Deutsche Americas and Deutsche National. (FAC at ¶¶ 20-21.)
4    As a result of the alleged wrongful foreclosure based upon his purported rescission of the
5 loan, plaintiff also alleges that his credit rating was damaged.
6    The SAC asserts three causes of action: fraud and negligent misrepresentation,
7 cancellation of the trustee's deed upon sale/quiet title, and libel.

**Legal Standard for Rule 12(b)(6)**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir .1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft v. Iqbal* 129 S. Ct 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its

face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

## DISCUSSION

**1.     Intentional and Negligent Misrepresentation**

In addition to meeting the pleading standard under Federal Rules of Civil Procedure 8 and 12(b)(6), where a party alleges fraud based on intentional or negligent misrepresentations, the allegations must meet the pleading standard under Rule 9(b). A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters*., 476 F.2d 393, 397 (9th Cir.1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. *In re GlenFed Sec. Litig*., 42 F.3d 1541, 1548 (9th Cir.1994). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." *Vess v. Ciba–Geigy Corp. U.S.A.*, 317 F.3d at 1106 (internal quotation marks and citations omitted). Merely identifying the transaction is insufficient. Instead, "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." *Id.* (citations omitted). Thus, allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756,

764 (9th Cir. 2007)

The Court previously dismissed plaintiff's six fraud-based claims presented in the FAC based upon plaintiff's acknowledgment that he had not alleged fraud with the particularity required under Federal Rule of Civil Procedure 9(b). In its Order, the Court granted plaintiff "a final opportunity to plead his fraud claims with the requisite particularity." Order filed September 20, 2011, at 8.

In the SAC, plaintiff alleges that "Homecomings personnel" or "Homecomings representatives" told him that Homecomings was considering plaintiff's demand to rescind the loan at the same time it was foreclosing on the property. Plaintiff contends that the "who, what, when, where" criteria are each satisfied with the exception of the identity of the persons to whom Johnson spoke." Opp. at 6. The Court disagrees.

A fraud claim fails to meet the Rule 9(b) standard where the plaintiff does not allege: (1) who made the misrepresentations; (2) when the misrepresentations or omissions were made or withheld; or (3) the contents and form of their statements. *Pazargad v. Wells Fargo Bank, N.A.*, No. CV–11–4524 ODW (PJWx), 2011 WL 3737234, at *5 (C.D. Cal. Aug.23, 2011). A fraud claim is also inadequately pleaded where the complaint fails to identity any specific individuals affiliated with a defendant mortgage company who plaintiff claims were responsible for the alleged fraud. *Tate v. Indy Mac Bank FSB*, No. CV–10–02254 ODW (PLAx), 2010 WL 3489181, at *3 (C.D. Cal. Sept.3, 2010).

In the present case, the SAC lacks facts identifying what defendants, through specifically identified and authorized agents or representatives, allegedly promised or represented and when those statements were made. Accordingly, the Court find that plaintiff's fraud and negligent misrepresentation claim fails to meet Rule 9(b)'s heightened standard. Because plaintiff has had ample opportunity to allege a fraud-based cause of action and has been unable to do so, the fraud and negligent misrepresentation claim will be dismissed with prejudice.

**2.    Cancellation of Trustee's Deed/Quiet Title**

Plaintiff contends that defendants failed to comply with the required notice and statutory procedures for the trustee's sale under Nevada law. SAC at ¶ 39.

An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *MacDonald v. Krause*, 77 Nev. 312, 317-18 (Nev. 1961). A widely accepted rule in such actions is that the party must tender the undisputed amount due and owing to challenge the validity of the sale. *Anderson v. Deutsche Bank Nat'l Tr. Co.*, 2010 WL 4386958 (D. Nev. Oct. 29, 2010); *see also, e.g., Abdallah v. United Savings Bank*, 43 Cal. App.4th 1101, 1109 (Cal. Ct. App. 1996). Thus, an action to set aside a trustee's sale for irregularities in sale notice or procedure must be accompanied by an offer to pay the full amount of the debt for which the property was security.

Plaintiff has failed to allege his current ability to tender the amount owed on the debt, as required for a quiet title claim. Having already amended the complaint twice, the Court will dismiss the claim for cancellation of trustee's deed/quiet title with prejudice.

**3.    Libel**

Plaintiff alleges that defendants made false statements to credit reporting bureaus concerning the foreclosure which harmed his credit rating. Again arguing that by giving notice of rescission, the loan agreement was void effective from and after June 25, 2008, plaintiff contends that reports to credit agencies for defaults under the loan agreement after that date were necessarily false. But as the Court has already noted in a prior Order, a transaction is rescinded only when the right to rescind is determined in the borrower's favor and not when notice of rescission is made. Order filed April 9, 2012, citing *McOmie–Gray v. Bank of America Home Loans*, 667 F.3d 1325, 1327 (9th Cir. 2012). Although plaintiff contends that "[i]n his SAC, Johnson has alleged the elements of a claim entitling him to rescission under the Truth in Lending Act," he is mistaken. There is no TILA rescission claim alleged in the SAC and the Court previously dismissed with prejudice the TILA rescission claim found in the FAC. Thus, plaintiff's right to rescind has not been determined in his favor.

Plaintiff defaulted on the loans and a foreclosure sale occurred based on those defaults; therefore, defendants did not engage in wrongful conduct by accurately reporting the defaults and foreclosure to the credit bureaus. Accordingly, there is no factual basis for a libel claim.

Based on the failure to state any claims against defendants and the claims have or will be

dismissed with prejudice, leave to amend the complaint to allege a libel claim would be futile.

## Conclusion

Based on the foregoing, defendants' motion to dismiss with prejudice the second amended complaint is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 19, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL