UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WES W. JOHNSON,<br><br>          Plaintiff,<br><br>v.<br><br>HOMECOMING FINANCIAL, et al.,<br><br>          Defendant. | Case No.: 09cv1262 L (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO VACATE [ECF No. 87]** |

**Background**

On September 20, 2011, the Court granted defendants' motion to dismiss the first amended complaint. The following claims were dismissed with prejudice: violation of NRS 598D.100; wrongful foreclosure; quiet title; violations of the FCRA, FDCPA and TILA; and unjust enrichment. Plaintiff's fraud claims, breach of the duty of good faith and fair dealing and breach of contract claims were dismissed without prejudice. Plaintiff was given leave for file a second amended complaint. The SAC was timely filed on October 3, 2011. On October 18, 2011, plaintiff filed a motion for reconsideration of the Court's Order concerning dismissal of claims from the FAC. On October 20, 2011, defendants filed a motion to dismiss the SAC. On October 31. 2011, plaintiff filed an amended motion for reconsideration. [ECF No. 47]

The Court denied, on the merits, plaintiff's amended motion for reconsideration on

April 9, 2012. [ECF No. 54] On April 19, 2012, the Court granted defendant's motion to dismiss the SAC [ECF No. 55] and judgment was entered that same day.

Plaintiff attempted to file a motion for reconsideration of the Court's April 19, 2012 Order on May 17, 2012, but the document was rejected by a discrepancy order because plaintiff had not obtained a hearing date prior to the filing of his motion. [ECF No. 58] On May 21, 2012, plaintiff filed both a motion for reconsideration and a notice of appeal to the Ninth Circuit Court of Appeal. [ECF Nos. 59, 60]

On May 31, 2012, defendants Homecomings Financial, GMAC Mortgage, LLC and Executive Trusts Services filed a Notice of Bankruptcy. [ECF No. 63] Thereafter, the Court noted that the Bankruptcy action automatically stayed the action as to the defendants in bankruptcy. However, the Court required the defendants not in bankruptcy to meet and confer with plaintiff's counsel to determine whether the action should go forward as to the remaining defendants or whether the entire action should be stayed during the pendency of the bankruptcy proceedings, and to provide a status report the Court concerning their intended plans for the litigation. [ECF No. 64] The parties requested that the entire action be stayed which the Court granted. The Court, however, also required periodic reports during the stay to determine the status of the bankruptcy proceedings.

In one of the later status reports, the parties indicated that a resolution of the case might be forthcoming. As a result and for administrative purposes only, the Court denied without prejudice plaintiff's May 21, 2012 motion for reconsideration, and noted that if a settlement was not reached after the conclusion of the bankruptcy proceedings, plaintiff could again file his motion for reconsideration. [ECF No. 74]

On July 9, 2015, the Court entered an order to show cause why the action should not be dismissed based on plaintiff's failure to advise the Court of the bankruptcy proceedings or to litigate the case within the past 18 months. [ECF No. 81] On July 20, 2015, plaintiff responded to the OSC indicating that the approval of the Chapter 11 plan had been accomplished in December 2013, but offered no explanation for counsel's

failure to prosecute the action or advise the Court of the conclusion of the bankruptcy proceedings. Although noting that dismissal would be appropriate given plaintiff's failure to prosecute the action diligently, the Court did not dismiss the action. Instead, the Court lifted the stay.

Plaintiff now moves to vacate the discrepancy order, vacate the order denying without prejudice plaintiff's motion for reconsideration, permit the filing of an amended motion for reconsideration, and set a briefing schedule on the amended motion for reconsideration.

## Discussion

Plaintiff urges that the Court to vacate its discrepancy order rejecting the motion for reconsideration, and its order denying without prejudice plaintiff's motion for reconsideration based on the requirement that such a motion must be made within 28 days following entry of judgment. According to plaintiff, even though the motion for reconsideration was denied on procedural grounds, the refiling of the motion at this point would be untimely.

First, when a motion is rejected for procedural deficiencies, the refiling of the document is deemed filed nunc pro tunc to the date the rejected document was filed. Thus, plaintiff's refiled motion for reconsideration electronically filed May 21, 2012, is deemed timely filed on May 18, 2012, and there is no basis to vacate the discrepancy order.

Turning to the motion for reconsideration, the Court denied, for administrative purposes only, the motion. The Court expressly noted that plaintiff could reurge his motion for reconsideration if the matter did not settle. It has not. Accordingly, the Court need not vacate the Order denying the motion for reconsideration but instead, deems the previously timely filed motion for reconsideration reopened.

Because of the significant lapse in time as a result of the bankruptcy stay and plaintiff's inaction in this case, plaintiff seeks to amend his motion for reconsideration to update the legal authority cited. This request is reasonable, as is plaintiff's request for a

briefing schedule on an amended motion for reconsideration.

## Conclusion

Based on the foregoing, plaintiff's motion to vacate and for other relief is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's motion that the discrepancy order filed May 18, 2012, and the motion denying the motion for reconsideration for administrative purposes be vacated is **DENIED**;

2. Plaintiff's refiled motion for reconsideration, deemed timely filed on May 18, 2012, is **REOPENED**;

3. Plaintiff may file on or before December 18, 2015, an amended motion for reconsideration to update legal arguments and citations. The amended motion for reconsideration will relate back to the initial May 18, 2012 filing date, and will be deemed timely filed for purposes of Federal Rules of Civil Procedure 59 and 60;

4. Defendants shall file a response to the amended motion for reconsideration on or before January 4, 2016; Plaintiff may file a reply memorandum on or before January 11, 2016. The amended motion will be considered without oral argument after January 19, 2016.

**IT IS SO ORDERED**.

Dated:  December 11, 2015

Hon. M. James Lorenz
United States District Judge